The defendants appealed from this decree, and prayed that it be reversed, and a decree entered for the defendants, on the following grounds:
First, — .Because the verdict and nonsuit obtained by the defendant, D Carrol, at common law, constituted a legal bar to Moragne’s claim, and all those who claim under him, and the Court of Equity cannot relieve against alegal bar.
Second, — Because Glover was a purchaser for a valuable consideration without notice.
Third, — ’Because when Moragne "made his election to bring an action against du Cercueil on the title bond, he waived his remedy by bill for a specific performance of the contract, and could not again resort to it; and that the present bill is nothing more than a bill for the specific performance of the contract with du Cercueil for the land.
Fourth, — That however this may be, the court erred in decreeing an account of the rents and profits, which equity never will do, until the complainant ascertains his title at common law, for trespass will not lie for them un-till then.
Yancey for defendants.
The appeal was heard at Columbia, and was argued by Mr. Yancey for the appellant, and Mr. Bowie for the respondent.
Mr. Yancey, for appellants, relies expressly on the act of the legislature of 1744, p. 190. Insists that even if verdicts are obtained by frauds, yet by tfye act nó ex-' ceptions being made as to fraud, /such verdict must standi 2 Comyn’s Digest, p. 187.
Equity will never give relief against the provisions of the statute, nor against an express maxim of law. j
*262 The party slept on his rights very long; though he might have proved the fraud at law, by the witnesses who proved it in equity. There was plain and adequate remedy at law, and the party cannot come here.
The allegation that the counsel did not know that-, the act of assembly required an affidavit is not sufficient. Equity does not aid if the party suffers by the misplead-ing of his attorney, 2 Yern. 325. If a man has lost his right as to a legal bar he can have no remedy— 2 Atk. 240.
As to Glover he was a purchaser for valuable consideration without notice. The lis pendens was at an end ; the verdict and nonsuit had been obtained, at the; time of Glover’s purchase.
Glover when he saw Moragne barred by a verdict and nonsuit, had a right to purchase or take a mortgage.
Glover bought when no suit in Equity was pending ; a bill had been filed but abated, and before a new bill was filed he bought. The suit to operate as lis pendens, must be in full force.
No body proves notice to Glover but Moragne, who Says that he told Glover that the suit in equity would never be dropped till they got the money or land. But this is contradicted by Glover’s answer, for he swears he had no notice, and that he knew nothing of the circumstances, motives, &c. to the deed. He knew of no suit depending. The contradiction of Moragne not sufficient to put down the effect of Glover’s answer.
Glover had a right to buy the land, even if he had notice; for the contract was to make titles. It was ex-ecutory — and verdict was obtained on the bond to make titles, for the penalty to be void on making titles. But the consideration was of no value : the verdict stood for the money. The suing on the bond for the non performance of the contract, was an election of his remedy, and he could not resort to the other ; — and Carrol and those claiming under du Cercucil, might read ily be mislead to believe that the party had resorted to the penalty of the bond, and had abandoned the equity right to have a specific performance.
*263 But it is said that the bond to make titles was put en ■record, and that Glover might have found it there, and this was considered by the judge as a circumstance which might have put Glover on his guard. But this ought not to have weight, because bonds to make titles, are not di» rccted by any law to be recorded.
The court decreed that a conveyance should be made to Moragne, or in other words decreed specific performance. The decree directs an account of rents and profits. But this is erroneous; for the legal title must be established, before there can be any decree or verdict for mere profits. As to recovering rents and profits, insists it cannot be done, till the possession is recovered at law — 1 Atk. 525.
Equitas sequitur legem — law must be imperative. See 3 Atk. 224, for the ground on which the Court of Equity will relieve against verdicts at law.
Mr. Bowie, for respondents, considers the point that the verdict and nonsuit was not a bar, (as fraud was alleged in the bill,)- to have been settled by the former decree of the court of appeals, which reversed the decree of the circuit court, for sustaining the demurrer. — 3 Atkins, 203, Bassett s. Basset.
Where the court of law gives a too strict construetion to a statute, which produces injustice, equity will relieve. Moragne came to this court to get rid of the fraudulent leases which stood in the way of his remedy: The remedy at law was not complete and adequate.
As to Glover’s case, the testimony Aof John Moragne proves notice. At that time -Glover had not a mortgage Dr deed. See Fonbl. for the doctrine, that what puts a man on enquiry, is sufficient.
As to the recording the deed, it is true it was not bound to be recorded. But the register’s office is the place to search, and if he had searched, he would have found the bond, and deed too. The title to the land from du Cercueilto Moragne, was in 1800, and Glover’s mor-G gage in ¡801.
After the argument, the court of appeals, present Chancellors Desaussure, Gaillard; Wati.es and Jame$» *264 unanimously ordered and adjudged, that the decree oí the circuit court should be affirmed, for the reasons given